# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CHANDLER HOUSTON | § |
| | §  Civil Action No. 4:19-CV-183 |
| v. | §  (Judge Mazzant/Judge Nowak) |
| | § |
| CAMP KIOWA AND LONE OAK RANCH | § |
| AND RETREAT | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 22, 2020, the report of the Magistrate Judge (Dkt. #59) was entered containing proposed findings of fact and recommendations that Defendants Camp Kiowa, L.L.C., Loan Oak Retreat, LLC, and Brian Manhart's Second Motion for Summary Judgment (Dkt. #51) and Motion to Strike (Dkt. #57) be granted and Plaintiff's claims be dismissed in their entirety. Having received the report of the Magistrate Judge, having considered Plaintiff's construed Objections (Dkts. #61; #62), Defendants' Responses (Dkts. #63; #64), and Plaintiff's Reply (Dkt. #65), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The background is set out in further detail by the Magistrate Judge and is not repeated here in its entirety. Plaintiff alleges her former employer discriminated and retaliated against her in violation of federal law. Plaintiff has had an opportunity to amend her complaint (Dkts. #30; #35); her live pleading asserts causes of action under 42 U.S.C. § 1981 arising out of her employment for race discrimination, harassment/hostile work environment, retaliation, and potentially additional state law claims (Dkt. #35).

On February 21, 2020, Defendants moved for summary judgment on each of Plaintiff's claims (Dkt. #51). The Magistrate Judge recommended Defendants' Second Motion for Summary Judgment be granted and Plaintiff's claims be dismissed with prejudice because Plaintiff does not establish a prima facie case for race discrimination, retaliation, and race harassment/hostile work environment (Dkt. #59). The Magistrate Judge also recommended that, to the extent Plaintiff asserted state law claims for personal injury/assault, defamation, and intentional infliction of emotional distress, such claims should be dismissed with prejudice for failure to state a claim. Finally, the Magistrate Judge recommended Defendants' Motion to Strike be granted.

Plaintiff thereafter filed a "Motion for Continuance and Leave of: Deadlines, Motion Response, Summary Judgment & Reports" and also "Motion for Leave to (1) Present Additional Evidence; and (2) Conduct Limited Discovery" (Dkts. #61; #62), which the Court construes as Objections to the report. Rather than object to any factual or legal conclusions in the report, Plaintiff's Objections request a continuance of deadlines, the opportunity to present additional evidence, and conduct additional discovery (Dkts. #61; #62; #65). Plaintiff also requests the Court schedule a telephonic status conference (Dkts. #61 at p. 2; #65 at p. 3). On June 9, 2020, Defendants filed Responses to Plaintiff's filings (Dkts. #63; #64). Plaintiff filed a Reply on June 25, 2020 (Dkt. #65).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

*Timeliness of Plaintiff's Objections*

Defendants argue that Plaintiff's Objections are untimely (Dkts. #63 at p. 2; #64 at p. 2). The Magistrate Judge entered the report on May 22, 2020 (Dkt. #59), and Plaintiff acknowledged receipt of same no later than June 1, 2020 (Dkt. #60). Thus, Plaintiff's deadline to timely object to the report was June 15, 2020. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2). Plaintiff's Objections (Dkts. #61; #62) were timely submitted and will be considered by the Court

*Applicability of State Court Orders*

Plaintiff points in support of her requests to the "First Emergency Order Regarding the COVID-19 State of Disaster" issued by the Supreme Court of Texas and the Court of Criminal Appeals of Texas (Dkt. #61-1) as well as Texas Governor Greg Abbott's declaration of a state of disaster and stay at home order (Dkts. #61 at p. 2; #65 at p. 3). The instant cause is in federal court rather than state court; the Texas orders are inapplicable to a federal district court. Moreover, the Eastern District of Texas has been operational throughout the course of the pandemic.

*Request Extension of Deadlines and Continuance to Conduct Discovery*

Plaintiff requests a continuance of certain deadlines in this case, the bulk of which have already passed, including the deadline to file a response or amend her prior response to summary judgment due to COVID-19 and her medical status (Dkts. #61 at p. 1; #65 at p. 2). Plaintiff represents that she needs time to "conduct discovery for newly presented evidence" that "could not have been discovered before this motion and during [the] discovery period" (Dkt. #62 at p. 1). Specifically, Plaintiff seeks to admit additional discovery from law enforcement and "new[ly] recovered audio, of presentable quality, from the last meeting of Defendant Brian Manhart and

3

Plaintiff" (Dkt. #62 at p. 2). Plaintiff further states, "[t]he quality of the audio is now more clear and presentable due to downloading it on a different program that was not previously available to me" (Dkt. #62-1 at p. 2). Plaintiff requests a telephonic hearing to discuss her requests (Dkt. #61 at p. 2).

Defendants, conversely, argue the deadlines Plaintiff seeks to extend expired before the onset of COVID-19 and any purported medical issue by Plaintiff. Plaintiff's purported medical issues started on March 22 (Dkt. #63 at p. 2). Defendants also argue Plaintiff has not met her burden under Rule 56(d), has not shown excusable neglect, does not describe the evidence she seeks to admit or discover, and does not explain why such evidence was not previously produced (Dkt. #64).

The Magistrate Judge found sufficient competent summary judgment evidence to grant Defendants' Motion. Additionally, to the extent Plaintiff now moves the Court to delay consideration of the pending report and underlying Motion for Summary Judgment under Rule 56, Plaintiff has not met the Rule 56(d) standard or otherwise shown such delay is warranted. Under Rule 56(d), "[i]if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) is a "safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *Nannis v. Golden Rule Ins. Co.*, No. 3:18-CV-03134-M, 2019 WL 7838973, at *1 (N.D. Tex. Mar. 6, 2019) (citing *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party."

*Teal v. Fed. Express Corp.*, No. 3:16-CV-2161-D, 2019 WL 180674, at *4 (N.D. Tex. Jan. 14, 2019) (citing *Union City*, 823 F.2d at 136), *appeal dismissed*, No. 19-10192, 2020 WL 3041281 (5th Cir. June 5, 2020). "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct." *Id.* (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam)).

"It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts." *Teal*, 2019 WL 180674, at *4 (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284–85 (5th Cir. 1981)). "The party must demonstrate how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)) (internal quotations omitted). "A nonmovant is not entitled to a continuance if it fails to explain what discovery it did have, why it was inadequate, and what it expected to learn from further discovery and gives only vague assertions of the need for additional discovery." *Teal*, 2019 WL 180674, at *4 (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)) (internal quotations and alterations omitted). Stated differently, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720–21 (5th Cir. 1999) (citations omitted); *Harris v. Ross Stores, Inc.*, No. 4:17-CV-00237, 2018 WL 1625647, at *4 (E.D. Tex. Apr. 4, 2018).

On July 2, 2019, almost a year ago, the Court entered a Scheduling Order setting a discovery deadline of October 1, 2019, and a dispositive motion deadline of October 11, 2019 (Dkt. #26 at p. 2). The Court later extended the dispositive motion deadline to February 21, 2020, and the deadline to file any response to dispositive motions to March 13, 2020 (Dkt. #50). Thus,

Plaintiff's instant extension request was submitted 251 days after the Court's discovery deadline and 87 days after Plaintiff's deadline to file a response to the pending summary judgment. More specifically, on March 13, 2020, Plaintiff filed her response (Dkt. #54). She did not request or ask for an extension request at that time. No extension request or additional discovery was requested until after the report recommending dismissal was entered. And while Plaintiff generally states that she was "unable to effectively research and file respective responses to the documents and motions pending before the Court" due to her medical issues from March 22 to May 21 (Dkt. #61 at p. 1), Plaintiff's discovery deadline and deadline to respond to the pending motion for summary judgment passed prior to these dates. Further, the report was issued on May 22, 2020—a day after the time frame Plaintiff alleges was impacted by her medical issues.

Moreover, Plaintiff does not identify how an extension of the discovery deadline would enable her to present a genuine issue of material fact. Plaintiff seeks to admit "newly recovered audio" that "is now more clear and presentable due to downloading it on a different program that was not previously available to me" (Dkts. #62 at p. 2; #62-1 at p. 2). Plaintiff also seeks to obtain additional discovery from law enforcement for the first time "because, although she was very diligent, she believed she exhausted all attempts"; it was not until recently, Plaintiff alleges, that she "was told of the procedure to receive that evidence" (Dkt. #65 at pp. 2–3). It is the non-movant's burden, once the movant has carried its burden, to "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Innovation Sciences, LLC v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 3453728, at *1 (E.D. Tex. June 24, 2020) (quoting *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000)). Plaintiff does not indicate how a clearer recording or additional discovery from law enforcement will lead to any information that would be material to defeating the motion for summary judgment.

In sum, Plaintiff has not met her burden to show that a Rule 56(d) continuance is appropriate in this case. For this reason, Plaintiff's Objections should be overruled.[1] In light of this finding, there is no need for the Court to conduct a hearing.

## CONCLUSION

Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkts. #61; #62), Defendants' Responses (Dkts. #63; #64), and Plaintiff's Reply (Dkt. #65), and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #59) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants Camp Kiowa, L.L.C., Loan Oak Retreat, LLC, and Brian Manhart's Second Motion for Summary Judgment (Dkt. #51) and Motion to Strike (Dkt. #57) are **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

 **SIGNED this 6th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Under the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). To the extent Plaintiff's request falls within the scope of Rule 6(b), the Court finds that Plaintiff has not demonstrated good cause or excusable neglect herein.